## STOIBER v. STOIBER et al.

(Supreme Court, Appellate Division, Second Department.    May 2, 1899.)

**1. WILLS—POWER OF ALIENATION—SUSPENSION.**

Where a testamentary trustee of land, to be held during three lives in being, is, by consent of the testator's adult children, empowered at any time to sell the same and terminate the trust, the power of alienation is not suspended, contrary to the statute prohibiting the suspension of the absolute power of alienation for more than two lives in being.

**2. SAME—OWNERSHIP OF PERSONALTY—LIMITATION—VALIDITY.**

A testator willed his property in trust during three lives in being; directing that, on the termination of the trust, distribution should then be made among the children of a beneficiary "then living, or their issue, per stirpes." *Held* that, as to the personal property, the interests of the ultimate recipients would not vest, beyond the power of defeat, until the trust was terminated, and hence the limitation was contrary to 1 Rev. St. p. 773, § 1, providing that the absolute ownership of personal property shall not be suspended by any limitation or condition for more than two lives in being at the death of the testator.

**3. SAME—CONTINGENT REMAINDER—LIMITATION—VALIDITY.**

The interest of a beneficiary in the real estate set apart to him at the termination of the trust would also be a remainder contingent on his surviving that time; and hence the limitation is contrary to 1 Rev. St. p. 724, § 20, providing that a contingent remainder may be created, to vest in interest during the contingency of not more than two lives in being.

Appeal from special term.

Action by Gustavus H. Stoiber against Louis Stoiber, individually and as trustee under the will of Felix Stoiber, deceased, impleaded with others, to construe said will. From a judgment construing the same, the trustee appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Fernando Solinger, for appellant.

William G. Choate, Asa A. Spear, and Robert Goeller (Charles H. Woodruff, on the brief), for respondents.

CULLEN, J. This action was brought for the construction of the will, and first codicil thereto, of Felix Stoiber, who died in the city of New York on November 12, 1889, leaving, him surviving, his widow and five children, all of age, except Clara M. Stoiber, an infant. By the seventh clause of the will the testator gave all the residue of his estate, real and personal, to certain trustees, "for and during the following period, viz. so long as my said wife shall live, and until my daughter, Clara M., shall have reached the age of twenty-one years, unless my wife shall be living when my daughter, Clara M., shall have reached the age of twenty-five, then only until my said daughter shall reach the age of twenty-five," in trust to receive the rents and profits, and apply the same—First, to the payment of certain provisions made in favor of his widow; second, to the payment of other bequests made by the testator, and the discharge of any incumbrances on the property; third, to divide the surplus equally among his children, or their issue, per stirpes. At the expiration of the trust period the trustees were directed to sell and convert the trust property, and

divide the proceeds equally among all the testator's children, or their issue, per stirpes, except that the share of the daughter, Clara, should go to a trustee, upon trusts subsequently prescribed in the will, to which it is unnecessary to refer, as they have no bearing on this controversy. The will also provided that the trustees might at any time, with the consent of the children who should be of full age, sell any or all of the trust property, in which case the testator gave and bequeathed the net proceeds thereof to his children then living, or their issue, per stirpes (with the exception of the share of the daughter, Clara); thus terminating the trust. By the first codicil to the will the testator declared that it was his intention that his son Edward G. should receive only the income, and not the principal, of any part of his estate, and that, therefore, he revoked and annulled any and all devises and bequests to him contained in the seventh clause of his will, and in lieu thereof gave his share to a trustee, in trust to pay over the rents and the net income to said Edward G. during his natural life, and, upon his death without issue him surviving, then absolutely to such of his sons and the trustee of the trust created by his daughter Clara as might survive him (Edward), the share of such of his said sons as may have died to go to their issue; but, upon the death of Edward leaving lawful issue him surviving, then he gave the trust property to said issue absolutely, subject to a small pecuniary charge. It is the validity of this provision of the codicil that is attacked by the plaintiff. The learned judge at special term held that the trust attempted to be created by the testator in favor of his son Edward, and in substitution of the previous devise to him, taken in connection with the provisions of the will, was void, as effecting an unlawful suspension of the power of alienation, and that Edward took any interest that might accrue to him under the will unaffected by the terms of the codicil. From that judgment Louis Stoiber, the trustee for Edward, appointed by the will, has appealed.

If it were not for the discretionary power granted to the trustees to dispose at any time of the trust property and terminate the trust, it would be unquestionable that the trust created by the codicil suspends the power of alienation for three lives. The seventh clause of the will suspends the whole residuary estate for two lives,—that of the widow and that of the daughter, Clara; for, in case the widow should die before Clara reached the age of 21, then the estate was to be held in trust for the further time until Clara should arrive at that age, while, in case Clara should die before the age of 21, the trust would continue during the lifetime of the widow. The codicil continues the share of Edward, already held in trust for two lives under the will, in another trust during a third life,—that of Edward himself. We do not understand that the appellant controverts this proposition. The contention of his learned counsel is that the clause in the will does not suspend the power of alienation for any period whatever, because it is within the power of the trustees, with the consent of the adult children of the testator, to convey the trust property and terminate the trust at any time. In support of his contention, the counsel relies upon the cases of Robert v. Corning, 89 N. Y. 225, and Henderson v. Henderson, 113 N. Y. 1, 20 N. E. 814. In

these cases it was held that under the statute a power of alienation is suspended only where there are no persons in being by whom an absolute fee in possession can be conveyed, and that "where the trustee is empowered to sell the land, without restriction as to time, the power of alienation is not suspended, although the alienation in fact may be postponed by the nonaction of the trustee, or in consequence of a discretion reposed in him by the creator of the trust." We do not see that the present case can be logically taken out of the rule quoted, by the fact that the trustees require the consent of the adult children of the testator to effect a sale. Those adult children, though not trustees, are certainly persons who, in connection with the trustees, can comply with the terms of the statute, and convey an absolute fee in possession. The statute places no limit on the number of persons whose action is requisite to make the conveyance. If a discretion vested in 3, whose unanimous consent to act is requisite to make a conveyance, is a sufficient compliance with the statute, the same rule must obtain when the discretion is vested in 30. It may be that the courts will ultimately limit the doctrine of the Robert and Henderson Cases, even in the direction in which we have expressed our doubts whether it cannot be logically done. For the purpose, however, of disposing of the case before us, we shall assume the doctrine of those cases in its broadest form, and extended to its greatest limits, and shall concede, for the argument, that no trust which can be terminated at any time at the discretion of a number of persons, however great, and no matter for how long a period that discretion may be given, can constitute a suspension of the power of alienation, under our statute. This concession, however, does not dispose of the question before us.

The provision that the absolute power of alienation cannot be suspended, by any limitation or condition whatever, for a longer period than two lives in being at the creation of the estate, is by no means the only limitation placed by statute on the power of testators or donors to fetter or tie up estates. The statute prescribes (1 Rev. St. p. 773, § 1) "that the absolute ownership of personal property shall not be suspended by any limitation or condition whatever for more than two lives in being at the date of the instrument or death of the testator"; and, as to real property (Id. p. 724, § 20), that "a contingent remainder shall not be created on a term of years, unless the nature of the contingency on which it is limited be such that the remainder must vest in interest, during the continuance of not more than two lives in being at the creation of such remainder, or upon the termination thereof." Therefore, while a trust, determinable at any time in the discretion of the trustee, may not offend against the statute prohibiting restraints on alienation, the disposition of the trust fund or property at the termination of the trust must, to be lawful, conform to the other statutory requirements which we have quoted. In other words, the validity of these testamentary provisions is to be determined by the question of the legality of the ultimate disposition of the corpus of the estate, for which the power of sale or distribution is given. Garvey v. McDevitt, 72 N. Y. 556. If, in the present case, at the termination of the trust, whether by the occurrence of the con-

tingencies named by the testator for that purpose, or by the previous exercise of the discretion of the trustees, the trust estate had been given to the testator's children, so that the interest of each child was vested absolutely in him, and was not subject to be devested by his death before the termination of the trust, or any other contingency whatever, the gift would neither create a suspension of the power of alienation, nor postpone the vesting of the absolute ownership for any period. But the will directs that on the termination of the trust the distribution shall be made among the children "then living, or their issue, per stirpes," which we construe to mean the issue of those children that may at the time be deceased. Therefore the interest of the ultimate recipients of the trust funds would not vest, beyond the power of defeat, until the termination of the trust, and until that time the absolute ownership of the personal property is suspended. As the limitation of the trust is for two lives, it follows that in the seventh clause of the will alone the testator has exhausted all the power given him by law to suspend the absolute ownership. The codicil attempts to suspend the ownership for another life, and is therefore void.

In our view, the will effects an equitable conversion of the property at the termination of the trust period. Morse v. Morse, 85 N. Y. 53; Delafield v. Barlow, 107 N. Y. 535, 14 N. E. 498. And we have therefore discussed the question of the validity of the codicil with reference to the statutes concerning the tenure of personal property. But, in our judgment, the result would be the same, as to the realty, even if treated as such. The interest of any beneficiary in real estate set apart to him at the termination of the trust would be a contingent remainder,—contingent upon his surviving that time. By the provisions of law cited, that remainder must vest in interest at the expiration of two lives in being; and, as already said, the seventh clause of the will exhausted all the latitude given to a testator by law in that direction. When the case of Henderson v. Henderson was at the general term of this district (46 Hun, 510), we thought that the will there presented was bad on account of its postponement of the absolute ownership of the property beyond the statutory period. Our decision was reversed by the court of appeals (113 N. Y. 1, 20 N. E. 814); but, as we read the opinion, we were not overruled on the proposition that the validity of the will was to be determined by the legality of the ultimate disposition of the corpus of the estate, nor in the view that certain testamentary dispositions were illegal. The result was arrived at by the court of appeals, by eliminating, as void, the illegal directions of the will, and sustaining the remainder.

The judgment appealed from should be affirmed, with costs to all parties payable out of the estate. All concur.