(123 App. Div. 233.)

## WHITEFIELD v. WHITEFIELD et al.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

1. WILLS—CONSTRUCTION—VESTING OF ESTATE.

Testator gave all his property in trust for the benefit of his four children, the income to be used for maintenance until all should arrive at their majority, when, after deducting the percentage allowed to his widow, the residue should be divided equally among the children, and, in the event of the death of any of them without issue, his or her share should be divided pro rata among those remaining. *Held* that, notwithstanding the trustees were also given a power of sale, the vesting of the title to the property in the children was postponed until all four arrived at age.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 1469.]

2. PERPETUITIES—CONTINGENT ESTATE—VALIDITY.

Real Property Law, Laws 1896, p. 565, c. 547, § 32, provides that every future estate shall be void in its creation which shall suspend the absolute power of alienation for a longer period than during the continuance of more than two lives in being at the creation of the estate. Section 33 declares that successive estates for life shall not be limited except to persons in being at the creation thereof, and where a remainder is limited on more than two successive estates for life all the life estate subject to those of the two persons first entitled thereto shall be void. Section 36 declares that a contingent remainder shall not be created for a term of years, unless the nature of the contingency is such that the remainder must vest in interest during the continuance of not more than two lives in being at the creation of such remainder or on the termination thereof. Personal Property Law, Laws 1897, p. 507, c. 417, § 2, declares that the absolute ownership of personal property shall not be suspended for a longer period than two lives in being at the death of the testator. *Held*, that where the will gave all testator's property to trustees during the minority of his four children, to be divided only on all arriving at age, the bequest was void as suspending the absolute ownership of the property during the minority of all four.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Perpetuities, § 20.]

Appeal from Special Term.

Action by Mary L. Whitefield, as executrix, etc., of George Whitefield, Jr., deceased, against Letitia Whitefield and others, impleaded, etc. From a judgment declaring the will invalid (55 Misc. Rep. 468, 106 N. Y. Supp. 630), certain defendants appeal. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

William Klein, guardian ad litem, for infant appellant.
Robert A. B. Dayton, for respondent.

INGRAHAM, J. The will gave all the testator's property to his wife and sister, in trust for the benefit of his four children—

"the income and such portion of the principal as may be necessary for their maintenance to be used until all shall have reached their majority; when, after deducting the percentage legally allowed to my wife, Mary L. Whitefield, the residue or balance is to be divided share and share alike among the aforementioned children, Letitia, Mary, Martha, and George 3d. In the event of the death of any of said children without issue, said share to be divided pro rata among those remaining. * * * I hereby authorize and empower my trustee hereinafter named to sell and dispose of any of my property, real and

personal or mixed, in their discretion, and to execute all necessary papers to consummate such sale or disposition."

There can be no question but what the ultimate vesting of the title of the testator's property is postponed until his four children arrive at the age of 21. All the property of the testator, real and personal, was to be retained by the trustee during that period, the income and the necessary portion of the principal to be used for their maintenance and support, and the share of any one dying to be divided among the survivor. The power of sale vested in the trustees does not change the situation. There is no provision in the will that authorizes the trustees to sell the property and divide the proceeds before the termination of the trust. If they sold the real property, they would still hold the proceeds subject to the same trust as they held the property prior to the sale. The question is not as to the power of alienation, but the suspension of the ultimate vesting of the property. If the sale of the real property would terminate the trust and vest the proceeds at once in the devisees or legatees, a different question would be presented.

Section 32 of the real property law (chapter 547, p. 565, of the Laws of 1896) provides that:

"Every future estate shall be void in its creation which shall suspend the absolute power of alienation by any limitation or condition whatever for a longer period than during the continuance of not more than two lives in being at the creation of the estate."

Section 33 provides:

"Successive estates for life shall not be limited except to persons in being at the creation thereof, and where a remainder shall be limited on more than two successive estates for life all the life estate subject to those of the two persons first entitled thereto shall be void, and on the death of those persons the remainder shall take effect in the same manner as if no other life estate had been created."

And section 36 provides:

"A contingent remainder shall not be created on a term of years unless the nature of the contingency on which it is limited is such that the remainder must vest in interest during the continuance of not more than two lives in being at the creation of such remainder or on the termination thereof."

And by section 2 of the personal property law (chapter 417, p. 507, of the Laws of 1897) it is provided that:

"The absolute ownership of personal property shall not be suspended by any limitation or condition for a longer period than during the continuance and until the termination of not more than two lives in being at the date of the instrument containing such limitation or condition or if such instrument be a will for not more than two lives in being at the death of the testator."

The will gives all of the testator's possessions to his trustees during the minority of his four children, and it is only on the four children arriving at age that the residue or balance is to be divided among them. The absolute ownership of all the personal property contained in the will was thus suspended during the minority of these four children, and the alienation of the real property was also suspended during the same period, unless the executors under the power of sale should sell the property, in which event they would be bound to hold the proceeds as personal property until the arrival of age of all four of

the testator's children. Under the provisions of the statute the validity of the testamentary provision is to be determined by the legality of the ultimate disposition of the corpus of the estate for which the power of sale or disposition is given. Garvey v. McDevitt, 72 N. Y. 556; Stoiber v. Stoiber, 40 App. Div. 156, 57 N. Y. Supp. 916. Under this will there is no method by which the trustees could distribute the property bequeathed to them until the termination of the minority of the four children; nor could there be any alienation of the real property and distribution of the proceeds during a like period.

It follows that the will violated the statute in relation to the creation of estates and disposition of personal property, and is therefore void, and the judgment must be affirmed, with costs to the plaintiffs, payable out of the estate. All concur.