---

(96 Misc. Rep. 410)

### In re GULICK'S ESTATE.

(Surrogate's Court, New York County. July 17, 1916.)

1. PERPETUITIES ⬤⟾6(9)—DEVISES—VALIDITY—TIME OF VESTING.

A devise of real estate providing for the payment of income therefrom to testator's husband during his life, and thereafter to testator's sister during her life, the principal to be divided among the surviving children of such sister upon each child attaining the age of 21 years, *held* not invalid, as suspending the absolute ownership of property for more than two lives in being, in violation of Real Property Law (Consol. Laws, c. 50) § 42, since the title to such estate would vest absolutely in such children upon the death of their mother, notwithstanding that the enjoyment thereof is deferred until they become 21 years of age.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 7, 9; Dec. Dig. ⬤⟾6(9).]

2. WILLS ⬤⟾695(4)—CONSTRUCTION—HAPPENING OF CONTINGENCIES.

The court will not determine questions as to distribution of an estate in advance of the happening of contingencies upon which such questions depend.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1669; Dec. Dig. ⬤⟾695(4).]

Application by the executors of the estate of Annie R. Gulick for the construction of certain paragraphs of a will. Decree rendered.

Rollins & Rollins, of New York City, for executors and trustee.
Daniel J. Mooney, of New York City, special guardian.

---

⬤⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

FOWLER, S. This is an accounting proceeding. The executors. having filed their account, the special guardian for certain infant remaindermen asks the surrogate to construe paragraphs 4 and 5 of the will of the testatrix.

In paragraph 4 of her will the testatrix gives all of her estate to her executors in trust, to divide it into five equal parts, and in subdivision 2 of that paragraph she directs her executors to pay the income of two of these parts to her husband during his life, and upon his death to pay the income of the two parts to her sister during her life, and upon the death of her sister to divide the principal of the two parts among any children whom her sister may leave her surviving, each child's share to be paid to it when he or she arrives at the age of 21 years. If the sister of testatrix die leaving no children her surviving, the executors are directed to pay $25,000 to a niece of the testatrix, and to pay the remainder of the two parts to such charitable institutions as her husband by his last will may appoint.

The testatrix in subdivision 3 of paragraph 4 of her will made a practically similar disposition of another two parts of the residuary, except that the first life estate is given to her sister and the successive or surviving life estate to her husband, while the sister of testatrix is given a contingent power of appointment to charitable institutions.

In subdivision 4 of paragraph 4 the testatrix gives the income of the remaining one-fifth of the residuary estate to her mother and brother during their lives and the life of the survivor, and upon the death of the survivor she directs her trustees to pay the principal to her sister and her husband and the survivor of them.

In paragraph 5 the testatrix provides that, in case either her husband or her sister shall fail to exercise the power of appointment given to each of them, that part of her estate over which the power is given shall go to such persons as were her heirs at law and next of kin at the date of her death and shall be divided among them in the proportion prescribed by the statutes of descent and distribution in case of intestacy.

[1] The special guardian contends that the disposition made of testatrix's residuary estate in subdivisions 2 and 3 of paragraph 4 suspends the absolute ownership of her personal property for more than two lives in being. The language of the subdivisions does not seem to sustain this contention. Under subdivision 2 two-fifths of the residuary estate is to be held by the trustees during the lives of testatrix's husband and sister, both of whom were in being at the date of death of the testatrix, and the remainder is directed to be divided among the issue of her sister, but payment of such remainder is deferred until each child arrives at the age of 21. This provision does not suspend the absolute ownership of the property for more than two lives in being at the date of the death of the testatrix; it merely suspends the time of enjoyment until each of the children of testatrix's sister arrives at the age of 21 years. Upon the death of the surviving life tenant the property constituting the trust fund goes absolutely to the issue of testatrix's sister if she leave issue, or in the event of her leaving no issue her surviving to such charitable institutions as shall be designated

in the will of testatrix's husband; if he fails to exercise the power, then it goes absolutely to the heirs at law and next of kin of the testatrix. There is therefore no suspension of the absolute ownership of personal property for more than two lives in being, nor of the absolute power of alienation of real estate in contravention of section 42 of the Real Property Law. Sawyer v. Cubby, 146 N. Y. 192, 40 N. E. 869; Steitz v. Faversham, 205 N. Y. 197, 98 N. E. 385; Matter of Lally, 136 App. Div. 781, 121 N. Y. Supp. 467, affirmed 198 N. Y. 608, 92 N. E. 1089. Therefore the trusts created by paragraph 4 of the will are not invalid.

[2] The court cannot determine the other questions presented by the special guardian in relation to the persons who would be entitled to certain parts of the residuary estate upon the happening of any of the contingencies mentioned by him, as such questions are purely hypothetical at this time. When it becomes necessary to distribute any part of the trust fund, the trustees or other persons interested may, if they entertain any doubt concerning the manner of its distribution or the persons entitled to receive it, apply to this court for a construction of the will in its practical application to the questions which then confront them. At this time the surrogate will not construe the provisions of the will upon the theory that certain legatees may predecease certain other legatees or upon the assumption that certain contingencies may occur.

Settle decree and tax costs on notice.