Surrogate's Court, New York County, April, 1927.    [Vol. 129

at the time of such sales or investment or reinvestment, the consent and concurrence of at least one of my said sons shall be necessary to give validity to the sale of, or investment or reinvestment in the capital stock or other form of securities of any company engaged in mining or other kindred pursuits."

The trustee seeks the approval of the court for its contention that by said paragraph the trustee is empowered to invest in other than " legal " securities subject to the limitation that if the investment be in the capital stock or other form of securities of any company engaged in mining or other kindred pursuits, the consent of one of testator's sons must be secured and subject to the further limitation established in certain well-known cases that any such reinvestment in other than " legal " securities shall be in securities of a reasonably prudent character and of a type which testator might have owned at the time of his death.  The first half of the paragraph in question empowers the trustee to " sell at public and private sale at such time or times, for such price or prices and upon such terms as it shall deem best, all or any part of the real or personal estate of which " decedent died seized " with the *right in its discretion* to invest and reinvest the proceeds of any such sales." This language, while it seems to permit investment in non-legal securities is not sufficient of and by itself to confer such a power upon the trustee.  The last half of the paragraph, however, clearly indicates an intention upon the part of decedent to confer such a power upon the trustee.  It is well to reiterate the caution frequently expressed in this court that even in the face of this authority vigilance and alert judgment will be always required and the surcharging of losses upon the trustee in future accountings is not beyond the range of possibilities in spite of said authority.  (*Matter of Frank*, 124 Misc. 664; *Matter of Adam*, N. Y. L. J. March 3, 1925; *Matter of Gude*, Id. June 11, 1926; *Matter of Brown*, Id. Jan. 13, 1927.)  Proceed accordingly.

---

## In the Matter of the Estate of NELLIE RUST, Deceased.

Surrogate's Court, New York County, April 1, 1927.

**Wills — construction — testatrix gave specific sum to children of niece in trust until youngest " surviving " child reaches age of twenty-one — on death of one or more children their bequests were directed to be divided between " surviving ones "— trust limited to minor years of youngest child and is valid — words " surviving " and " surviving ones " defined — failure to name trustee does not invalidate trust.**

The testatrix, who gave specific sums to children of a niece to be held in trust for them " until the youngest surviving child reaches the age of twenty-one years," but in the event one or more of the children died the amount to which

they would be entitled is to apply and be divided equally between the "surviving ones," must be construed as creating a valid trust which is limited to the minor years of the youngest child, or to one life, namely, the life of the youngest child who survived testatrix.

The word "surviving" refers to those children surviving at the death of the testatrix. The words "surviving ones" mean those children living when the youngest child attains his majority or when he dies, if he dies during his minority.

The failure of the will to mention a trustee does not invalidate the trust, which, in other respects, is valid.

ACCOUNTING proceeding involving construction of will.

*Albert S. Marzo,* for the petitioner.

*Samuel Lax,* special guardian.

O'BRIEN, S. The 4th paragraph of decedent's will reads as follows: "4th. To the children of my niece Ellen Kennelly I give each one hundred ($100) dollars, this amount to be held in trust for them until the youngest surviving child reaches the age of twenty-one (21) years, and in case of the demise of one or more of the children, the amount to which they would be entitled is to apply and be divided equally between the surviving ones."

A question of construction of this paragraph has been raised by the accountant who contends " that it suspends the vesting of title in property for more than two lives in being." To sustain this proposition counsel for the accountant argues that the language used in said paragraph correctly translated means that the trust provided for in said paragraph is to endure during the minor years of the youngest of those of the four children who reach their majority or as counsel himself expresses the proposition " until the last of the said four children attaining the age of twenty-one (21) years shall have attained that age." From the language of said paragraph thus interpreted he draws the conclusion that certain of said moneys, by the terms used, may be held for longer than two lives in being at testatrix's death and, therefore, the whole trust is void. This translation of the phraseology of said paragraph is strained and artificial. A simple and certain interpretation which will preserve its validity may be given this paragraph. (*Matter of Lally,* 136 App. Div. 781, 787; affd., 198 N. Y. 608.) The word " surviving," which appears twice in the paragraph, may and indeed should be interpreted in the first instance to refer to those surviving at the time of the death of testatrix. The words " surviving ones," used in the last sentence of the paragraph, should be construed to mean those who are living when the youngest child attains his majority or when he dies, if he dies during his minority. Thus interpreted, the trust is limited to the minor years of the youngest child or to one life, viz., the life of the youngest child who survived testatrix,

and the trust is valid. (*Matter of Lally, supra.*) While a suggestion was made by accountant that the trust was invalid in one other respect, in that the will fails to mention a trustee, this failure, however, is not fatal if the trust is in other respects valid. (*Kirk v. Kirk*, 137 N. Y. 510, and other cases cited in *Trask v. Sturges*, 31 Misc. 195, 201.) Submit decree on notice construing the will, settling the account accordingly, and providing for the appointment of a suitable trustee.