In the Matter of the Estate of JESSE M. WILCOX, Deceased.

Surrogate's Court, Chenango County, March, 1932.

*Edward H. O'Connor*, for Harrison J. Wilcox, executor and trustee.

*Duane L. Atkyns*, special guardian.

BROWN, S. This proceeding is instituted by Harrison J. Wilcox, as trustee under the last will and testament of Jesse M. Wilcox, deceased, for a judicial construction of said will.

Jesse M. Wilcox, deceased, left a last will and testament and codicil, dated May 25, 1921, and October 12,.1926, respectively. After making provision for the payment of $100 to the Wilcox Cemetery Association, testator made the following disposition of his property:

" *Second.* I will and direct that the rest, residue and remainder of my property and estate be used and disposed of in the manner following: My wife, Sarah M. Wilcox, is to have possession and control of the same and the use and benefit thereof, the interest and profits therefrom, and whatever portion or part of the principal she may require, or desire, for her personal use, support, comfort, maintenance and pleasure, for and during her lifetime, and upon her decease whatever remains of said estate and principal, unused and unexpended by her for the uses and purposes aforesaid, i give and bequeath to William L. Chapman, of Smyrna, N. Y. to have and to hold the same unto himself and to his successors in trust to the uses and for the purposes herein declared, that is to say:

That they hold, manage, invest and reinvest all of said trust property as they may deem wise and judicious, in their discretion and judgment, for the interests of the beneficiaries hereinafter named, and out of the interest, income and profits and principal thereof, pay the necessary expenses incident to the property and trust, and from the remainder, as they may deem discreet and wholly within their discretion and judgment, use one half thereof, such remainder, for the education maintenance and support of Alberta Riley, the daughter of my niece, Arzelia Riley of Cleveland, Ohio, for and during her natural life, and to use the other one half of such remainder for the maintenance, support and care of the said niece, Arzelia Riley, for and during her natural life. Upon the decease of one of said beneficiaries, whatever remains unexpended of the trust funds hereinbefore provided for her use shall be added to and become a part of the trust fund hereinbefore provided for the use of the survivor of the said beneficiaries and put to the same uses and purposes. Also, if the said Arzelia Riley should remarry after the decease of her present husband, or after a divorce from her present husband, or otherwise, I direct that the trust hereinbefore created for her benefit shall terminate at such remarriage and the unexpended funds of said terminated trust shall be added to and become a part of the trust fund and property hereinbefore provided for the uses and purposes of the said Alberta Riley, if she shall then be living, and shall be used by the said trustee for such uses and purposes. Upon the decease of the survivor of said beneficiaries, I direct the said trustee to pay all unexpended residue and remainder of said trust property and funds to my next of kin, who shall share therein the same as provided by law in case of intestacy.

"*Fourth.* My trustee or his successor, in administering these trusts shall have absolute discretion as to the part thereof to be used and expended for the uses and purposes aforesaid, and the necessities requiring the same, within his fair, reasonable and just discretion, and shall take into consideration the income of said beneficiaries from other sources, and what they might earn by their own exertions, and the necessities arising from the ill health of the said beneficiaries."

In numbering the paragraphs of the will, the draftsman evidently made an error in substituting the word "fourth" for "third." The codicil first revoked the appointment of William T. Chapman, the person originally named as executor and trustee of the will, and designated Harrison J. Wilcox as sole executor and trustee. The remaining provision of the codicil reads as follows:

"*Second.* Upon the death of my said wife, Sarah M. Wilcox,

and before the remainder of the trust fund created for the benefit of my said wife is divided amongst my next of kin, I will and direct that there be taken from what remains of said trust funds, the sum of one thousand dollars, which said one thousand dollars, I give, devise and bequeath to James Leonard Towner and Phyllis A. Towner, to each an equal share thereof, to wit: To each of them the sum of five hundred dollars. The balance of said trust funds to be disposed of amongst my next of kin as directed by said Will."

Briefly stated, the provisions of the testator's will gave to the widow a life use of the income and so much of the principal as might be necessary for her personal use, support, comfort, maintenance and pleasure, during her lifetime. Following her death, the trustee was directed to hold and invest the trust estate, and out of the " interest, income and profits and principal thereof " pay the expenses in connection with administering the trust, and in his discretion use " one-half thereof " for the education, maintenance and support of Alberta Riley, a daughter of the decedent's niece, Arzelia Riley, during the lifetime of Alberta Riley, and to use the " other one-half of such remainder " for the maintenance, support and care of the niece, Arzelia Riley, for and during her natural life. Upon the decease of either of the life tenants, the survivor became entitled to the life use of the remaining fund. In case of the remarriage of Arzelia Riley, or of her being divorced from her present husband, the trust for her benefit would terminate, and thereafter the trust fund should be held and administered for Alberta Riley. " Upon the decease of the survivor of said beneficiaries " the unexpended residue and remainder of said trust estate is to pass to the next of kin of the decedent. Apparently it was the intent of the testator that the principal of the trust fund, in the discretion of the trustee, might be applied to the use of Alberta Riley and Arzelia Riley.

So far as the record shows, the decedent left personal property only.

In construing the provisions of this will, the question we are called upon to consider is whether the trust estate, as attempted to be created in the will, is a valid disposition of the property, or does it offend against section 11 of the Personal Property Law (as amd. by Laws of 1929, chap. 229) in that the absolute ownership of personal property is suspended for a longer period than during the continuance of two lives in being at the death of the testator. It is the contention of the special guardians for James Leonard Towner and Phyllis A. Towner, beneficiaries named in the codicil, that the trust attempted to be created in the will sus-

pends the ownership of property for a longer period than during the continuance of two lives in being at the death of the testator.

Clearly, under the terms of the will, the final distribution of the property placed in trust is not to be made until the death of the three persons named, Sarah M. Wilcox, the widow, Alberta Riley and Arzelia Riley. There is no provision made for the distribution of any part of the fund during the lifetime of the three persons mentioned. While the testator conferred upon his trustee discretionary power to use the principal for the education, maintenance and support of Alberta Riley, and for the maintenance, support and care of Arzelia Riley, no distribution of the fund was to be made to them during their lifetime. Under no contingency are they to become entitled to the fund, or any part of it, except such as may, in the discretion of the trustee, be necessary for their support and maintenance, etc. The final distribution and division of the estate is left until the " decease of the survivor of said beneficiaries," referring to Alberta Riley and Arzelia Riley.

Under no possible interpretation of the will can it be said that a final division of the property is to be made prior to the enjoyment of the use of the same by three persons. The absolute ownership of the personal property of the decedent was suspended during the life of his wife and the further lives of Alberta and Arzelia Riley. Under the directions contained in the will, the trustee had no authority and was given no power to distribute the property until the death of the survivor of the two persons last named, and one life estate intervened before the trustee was to even receive the fund to be administered by him.

In placing a construction on the will we must consider the conditions existing at the time of the death of the testator. At that time the three life beneficiaries were living. The widow has since died. The other two beneficiaries are still living.

In *Schettler* v. *Smith* (41 N. Y. 328) the court makes this announcement: " In determining the validity of limitation of estates, under the above statutes, it is not sufficient that the estates attempted to be created may, by the happening of subsequent events, be terminated within the prescribed period, if such events might so happen that such estates might extend beyond such period. In other words, to render such future estates valid they must be so limited that in every possible contingency, they will absolutely terminate at such period, or such estates will be held void."

And in *Whitefield* v. *Crissman* (123 App. Div. 233) the court said: " Under the provisions of the statute, the validity of the testamentary provision is to be determined by the legality of the ultimate disposition of the corpus of the estate for which the power

of sale or disposition is given." (*Haynes* v. *Sherman*, 117 N. Y. 433; *Matter of Wilcox*, 194 id. 288; *Matter of Hitchcock*, 222 id. 57; *Herzog* v. *Title Guarantee & Trust Co.*, 177 id. 86.)

" The will, of course, speaks as of the time of the testator's death, and whether or not it provides for an illegal suspension of the absolute ownership of the principal of the estate must be determined as of that date, for the rule is inflexible that the validity of such an attempted disposition must be determined by the possibilities as they appear at that time, and not by the event as it may afterwards happen." (*Simpson* v. *Trust Co. of America*, 129 App. Div. 200.)

The trust established in the will is not divisible. It was to be held as one fund. While each of the beneficiaries entitled to the benefit of the estate, following the death of the widow, was to receive one-half of the income under certain conditions, and, in the discretion of the trustee, portions of the principal, if necessary, for support and care, still the trust consisted of but one fund. There was no provision for a distribution of the half of the fund until the death of the survivor of the two persons mentioned, and it does not fall within the rule that where the fund is divisible and two or more separate trusts can be carved out, a legal trust can be found.

That it was the intention of the testator that the trust should comprise one fund is shown in the direction that " Upon the decease of the survivor of said beneficiaries, I direct the said trustee to pay all unexpended residue and remainder of said trust property and funds to my next of kin," etc.

In *Leach* v. *Godwin* (198 N. Y. 35) it is said: " In cases where a trust for the benefit of several persons is held in one fund it is necessary for the purpose of holding that they constitute separate and independent trusts that each part of the principal fund should be liberated from the trust fund upon the termination of the lives in being at the death of the testator for which the trust is held and also to find from within the will itself that such was the intention of the testator." (*Matter of Beale*, 213 App. Div. 13.)

It cannot be said in the present case that the trust provisions in the will can be separated, deleting the invalid from the valid portions. The plan and scheme of the testator, as gathered from the will, is plain. He wanted to provide for his wife, and after her death he wanted his niece and her daughter to have the benefit of whatever of the estate remained, during their lives, and then a final distribution made. No other interpretation of the will seems to be justified. We cannot say that the trust for the benefit of his wife and for one of the other two remaindermen is valid, because the trusts for the benefit of Alberta and Arzelia Riley are

so intermingled that they cannot be separated into two valid trusts. Those cases where it has been held that the valid parts of a trust are separable from those which are invalid, without destroying the testamentary scheme, are not applicable to the will under consideration. (*Matter of Mount*, 185 App. Div. 162; *Matter of Durand*, 250 N. Y. 45; *Kalish* v. *Kalish*, 166 id. 368.)

I am of the opinion that the provisions of the will suspend the ownership of personal property for more than two lives in being, and that the trust provisions are void. (*Matter of Wilcox, supra; Henderson* v. *Henderson*, 113 N. Y. 1; *Greenland* v. *Waddell*, 116 id. 234; *Bailey* v. *Buffalo L., T. & S. D. Co.*, 213 id. 525; *Matter of Douglass*, 120 Misc. 193.)

The widow has already received the benefits provided for her in the will and is now deceased. If my interpretation of the will is correct, the decedent died intestate as to the remaining funds now in the estate, except as to the legacies of $500 each to James Leonard Towner and Phyllis A. Towner. The codicil directs that before the distribution of the estate among the next of kin of decedent, each of said persons receive $500. The will and codicil are to be taken and construed as parts of one and the same instrument. (*Herzog* v. *Title Guarantee & Trust Co., supra*.)

After the payment of the two legacies of $500 each provided for in the codicil, the remaining part of the trust fund should be distributed among the next of kin of the decedent.